Scrugham, J.
In proceedings instituted by a successor of an administrator, to compel an accounting by his predecessor, the surrogate cannot make, any decree for the payment or distribution of such part of the estate as may remain to be paid or distributed ; but he may do so when the proceedings are taken upon the application of a person having a demand against the estate, either as creditor, legatee, or next of kin (2 Rev. Stat., 95, § 71).
The prayer of the petition to the surrogate was not merely *247 for an accounting, but also that the respondent should be required to pay over to the petitioners the property and effects of the estate.
The petitioners applied in two characters, as successors of the administrators, and as persons having demands against the estate as legatees. There is no provision in the statute for such joint application, and the character of the proceeding instituted by the petition must be determined by the nature of the relief sought by it. If it had been merely for an accounting, it could be properly regarded as a proceeding by the successors of an administrator, to compel their predecessor to account, but as it sought, besides, a decree of the surrogate which could not be made upon such proceeding, but which might be proper upon an accounting compelled by persons having a demand against tire estate as legatees, it should be treated only as a proceeding instituted by the appellants in that character.
The respondent was appointed administrator with the will annexed, on the death of the last executor in 1842, was superseded on July 13, 1850, and the appellants did not present their petition until June 16,1860.
An action at law is given, by statute, to legatees entitled to share in the distribution of an estate (2 Rev. Stat., 114, § 9), and it may be commenced at the expiration of one year from the granting of letters testamentary, or of administration.
This remedy was barred by the statute of limitations, long before these proceedings before the surrogate were commenced.
Before the Revised Statutes, there was no statutory limitation of the time within which suits might be commenced in the court of chancery, and yet it was uniformly held, that when the claim was. one which could have been enforced by an action at law, the statute of limitations which barred the remedy at law, would be applied to the suit in chancery; that the equitable remedy, in a case of concurrent jurisdiction, is subject to the same limitation as the legal. (Murray v. Costar, 20 Johns., 576-610; Kane v. Bloodgood, 7 Johns. Ch., 91.)
The principles upon which this doctrine was established in courts of equity, are equally applicable to proceedings in surrogate’s courts, and it was accordingly held by the late chan *248 cellor in McCarter v. Camel (1 Barb. Ch. R., 465), that the surrogate could not entertain proceedings to enforce the payment of a distributive share of an estate, which were n©t instituted before the expiration of the time within which the distributee might have brought an action, under the 9th section of the statute to which reference has been made.
The judgment should be affirmed with costs.
All the judges concurred.
Judgment affirmed.